(October 16, 1951.)

JOHN CATTONAR et al., Appellants, v. EDWARD ERMOLD Co., Respondent.

PECK, P. J., and VAN VOORHIS, J. (dissenting). Although the letters exchanged between the attorneys, constituting the alleged written executory accord compromising this action, do not agree upon the settlement in exactly the same words, they nevertheless effectively dispose of the controversy by showing that the minds of the parties met at every point of the settlement agreement. These letters are Exhibits 9 to 15, inclusive, attached to the affidavit of Glen W. Watkins. The subsequent withdrawal of the attorney for plaintiff Cattonar does not impair the binding force of the accord.

Concerning the authority of plaintiffs' attorney to make a settlement, which plaintiffs contend was withdrawn, no evidentiary facts are contained in the affidavits indicating that defendant was notified of the withdrawal of such authority before the executory accord was made. The previous holding out by plaintiffs of their attorney as authorized to represent them in arriving at a settlement, which is not contradicted by any facts that have been presented, is enough, as the opinion of Special Term states, to establish ostensible authority in the attorney to act for plaintiffs in making the settlement.

The order and judgment appealed from should be affirmed, with costs.

Glennon, Dore and Callahan, JJ., concur in decision; Peck, P. J., and Van Voorhis, J., dissent and vote to affirm, in opinion.

Order granting defendant's motion for summary judgment reversed, the motion denied and the judgment entered herein vacated, with costs to the appellants, on the ground that there are issues of fact which should be disposed of only on a trial. Settle order on notice.